**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON
CIVIL ACTION NO.: 07-198-DLB**

**EAGLE HOSPITALITY
PROPERTIES TRUST, INC.,**                                            **PLAINTIFF**

**V.**

**CORPOREX COMPANIES, LLC, et al.,**                         **DEFENDANTS**

**MEMORANDUM ORDER**

Plaintiff initiated this litigation by filing a complaint on December 10, 2007. In addition to filing an answer on December 27 and counterclaim, defendant filed a motion seeking expedited discovery on the same date. Plaintiff filed a response opposing expedited discovery, and defendant filed a reply on January 24, 2008. Pursuant to local practice, the defendant's pending motion along with all other pretrial proceedings and non-dispositive motions have been referred to the undersigned. Doc. 9. Because the order of reference in this case was issued prior to this case being placed on the court's routine docket call, no pretrial conference has been held and no scheduling order has yet been entered.

Prior to entering a Rule 16(b) scheduling order, this court ordinarily requires the parties to file their Rule 26(f) report. Rule 26(f) requires the parties to "confer as soon as practicable" regarding a discovery plan, though it is clear that the parties have not yet done so in this case.

In its motion for expedited discovery, defendants argue that the mere filing of plaintiff's complaint seeking a permanent injunction "may hinder the prospective development and financing" defendants require to move the Ovation project forward. Defendants' primary concern is that the "dark cloud" of litigation will threaten financing of the Ovation project and

otherwise adversely affect defendants' business interests. Therefore, defendants seek to resolve this litigation as quickly as possible. To that end, defendants request permission to immediately depose corporate representatives of plaintiff and to serve written discovery prior to those depositions. Defendants seek in part a court order shortening the period within which written discovery must be responded to, and to allow depositions to proceed *duces tecum* in lieu of the twenty-eight-day response period to Request for Production provided by Rule 34(b), Fed. R. Civ. P. The scope of the expedited discovery sought by defendants is unlimited, save by the scope of the complaint.[1]

Plaintiff opposes expedited discovery on grounds that defendants failed to confer with plaintiff prior to filing their motion, citing LR 37.1. Similarly, plaintiff suggests that the timing of defendants' motion violates Rule 26 since the parties have not yet conferred under Rule 26(f), Fed. R. Civ. P. Finally, plaintiff argues that, while expedited discovery is often permitted in cases involving a request for preliminary injunctive relief, expedited discovery is far less necessary or appropriate when only permanent injunctive relief is sought.

Plaintiff's reliance on both federal and local rules of civil procedure is not entirely off the mark. Technically LR 37.1 does not apply to defendants' motion seeking expedited discovery. Nonetheless, it is never inappropriate to confer with opposing counsel to attempt to resolve matters extrajudicially prior to filing motions with the court. Although Rule 26 also does not strictly prohibit defendants' motion, the relief sought by defendants in their motion may be

---

[1] Most cases involving "expedited" discovery limit the scope of such discovery for a specific purpose. On the other hand, this court is aware of cases in which the parties have agreed to shorten response times for written discovery requests either for particular requests or more generally, without formally labeling their agreement as involving "expedited discovery."

substantially narrowed if not mooted following a Rule 26(f) conference. Of course, for that to occur plaintiff may have to move from the stance taken in its written opposition to defendants' motion that any request for expedited discovery should be denied.

Accordingly, **IT IS ORDERED:**

1. The parties, through counsel, shall meet and confer *in person* as soon as practicable to formulate their Rule 26(f) report;

2. The parties shall file their Rule 26(f) report **on or before February 15, 2008**, following which the court will promptly file a scheduling order in this case;

3. Defendants' motion for expedited discovery [Doc. 7] is **denied** without prejudice to renew following the filing of the parties' Rule 26(f) report.

This the 1st day of February, 2008.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge